**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BENJAMIN MUHAMMAD JONES,
ADC #89586                                                                                           PLAINTIFF

v.                                          5:12-cv-00189-SWW-JTK

WILLIAM STRAUGHN, et al.                                                                    DEFENDANTS

**ORDER**

By Order dated June 15, 2012 (Doc. No. 4), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. However, finding Plaintiff's Complaint too vague and conclusory to enable the Court to determine whether it is frivolous, fails to state a claim, or states a legitimate claim with respect to a majority of the named Defendants, the Court directed him to submit an Amended Complaint within thirty days.[1] The Court also cautioned Plaintiff that an Amended Complaint would render the Original Complaint without legal effect, and would take the place of his Original Complaint.

Plaintiff has now submitted what has been titled an Amended Complaint (Doc. No. 5). In this, Plaintiff does not refer to the excessive force or failure to protect allegations set forth in the Original Complaint, and does not otherwise comply with the directions set forth in the Court's June 15, 2012 Order, in terms of alleging specific facts against each of the named Defendants in the Original Complaint. He does state that his legal work has been confiscated, and claims that three newly-named Defendants are responsible for denying him access to the Courts. However, it is

---

[1] The Court noted that Plaintiff alleged he was assaulted by Defendants Nelson and Sloa while Defendants Taylor and Crockett watched, and that Defendant Perez failed to adequately treat his injuries. However, Plaintiff failed to allege specific acts of constitutional violations by eleven other individuals named as Defendants. (Doc. No. 4, p. 3.)

1

unclear whether Plaintiff is attempting to add this claim to his Complaint, whether he is abandoning the other claims set forth in his Complaint, or whether he is offering an excuse as to why he has not submitted an Amended Complaint in accordance with the Court's June 15, 2012 directions.

Therefore, the Court will provide Plaintiff with one final opportunity in which to clarify his allegations against the Defendants named in the Original and/or Amended Complaints. Plaintiff shall specify the following: 1) whether he intends to proceed with the allegations of excessive force, failure to protect, and denial of medical care against Defendants Nelson, Sloa, Taylor, Crockett, and Perez; 2) whether he intends to proceed against the remaining named individual Defendants, and if so, provide specific factual allegations against each of those individuals in a simple, concise, and direct manner; 3) whether he intends to add a claim of denial of access to the Courts against newly-named Defendants Morrison, Williams, and Wooten, and if so, provide specific factual allegations against each of those individuals in a simple concise and direct manner; and 4) state how each named Defendant caused him harm. If Plaintiff fails to comply with this Order, the Court will rely on the Original Complaint he filed (Doc. No. 1), and will proceed with the claims against only Defendants Nelson, Sloa, Taylor, Crockett, and Perez, as set forth earlier in this Order and in the June 15, 2012 Order. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff shall file a Second Amended Complaint in accordance with the Court's directions set forth above, within fifteen days of the date of this Order.

The Clerk is directed to forward to the Plaintiff a copy of the docket sheet in this case.

IT IS SO ORDERED this 17th day of July, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE